UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KIMBERLY TAYLOR, )
 )
    Plaintiff, )
 )
v. ) No. 3:05-CV-52
 ) (GUYTON)
IDLEAIRE TECHNOLOGIES CORPORATION, )
 )
    Defendant. )

SCHEDULING ORDER

    1. INTRODUCTION: Pursuant to Fed. R. Civ. P. 16(b), a scheduling conference was held in this cause on May 20, 2005. Present representing the plaintiff was attorney David Burkhalter. Present representing the defendant was attorney John Winters. The following actions were taken:

    2. JURISDICTION: In this case, the subject-matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1331, and **is not** in dispute. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and have specifically consented to the undersigned.

    3. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:

    (a) The possibility of settlement is unknown at this time. Counsel will advise the Court if the parties desire Alternative Dispute Resolution (ADR) and the Court's involvement with regard to the same.

    4. DISCLOSURE AND DISCOVERY:

(a) Fed. R. Civ. P. 26(f) Meeting: The parties have completed discovery planning as required by Rule 26(f).

(b) Discovery Plan: The parties developed a discovery plan and filed it with the Court in conformance with the provisions of Fed. R. Civ. P. 26(f). [Doc. 7].

(c) Initial Disclosures: Rule 26(a)(1) disclosures will be made on or before **May 25, 2005**. [Doc. 7].

(d) Expert Testimony: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the plaintiff on or before **February 1, 2006**, and by the defendant on or before **March 3, 2006**.

(e) Evidence-Presentation Equipment: If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom. If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter.

(f) Pretrial Disclosures: On or before **April 12, 2006**, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 6(f) and (g) below).

(g) All Discovery: All discovery, including the taking of depositions "for evidence," shall be completed on or before **April 3, 2006**. (Motions to compel must be filed on or before **March 3, 2006**).

5. PRETRIAL ORDERS AND PRETRIAL CONFERENCES:

2

Unless counsel are otherwise directed by the Court,[1] the following shall govern with regard to pretrial orders and conferences in this particular case.

An agreed pretrial order <u>shall be filed with the clerk</u> on or before **April 3, 2006**. This order shall contain the following recitals:

    (a)    Jurisdiction.

    (b)    That the pleadings are amended to conform to the pretrial order.

    (c)    Short summary of plaintiff's theory.

    (d)    Short summary of defendant's theory.

    (e)    The issues to be submitted to the trial judge or jury.

    (f)    Stipulations of fact.

    (g)    Novel or unusual questions of law or evidence.

    (h)    Estimated length of trial (in working days).

    (i)    Possibility of settlement.

    (j)    Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

On **March 20, 2006** ( **March 17, 2006** if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel <u>shall</u> furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts

---

[1] If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the Court.

to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (545-4260) on or before **April 3, 2006** that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

A pretrial conference is scheduled for **April 25, 2006 at 9:00 a.m.**

Failure to file an agreed pretrial order or to notify the undersigned's Judicial Assistant that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

     6. OTHER SCHEDULING MATTERS:

(a) Joinder of Parties: If any party wishes to join one or more additional parties or amend to add alleged tortfeasors, such joinder or amendment shall be made on or before **February 1, 2006**.

(b) Dispositive Motions: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **February 1, 2006**. The failure to timely file such motions will be grounds to summarily deny them.

(c) Motions in Limine: Any motions *in limine* must be filed no later than **April 26, 2006**. Should a hearing be directed by the Court in regard to such motions *in limine*, the parties will be notified of the date and time therefor.

Motions seeking a Daubert hearing must be filed on or before **March 20, 2006** or they will be deemed waived.

4

Case 3:05-cv-00052   Document 12   Filed 05/23/05   Page 4 of 7   PageID #: 4

(d)  Upon filing any dispositive motion, or any other motion which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(e)  <u>Special Requests to Instruct for Jury Trial</u>:  Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than **April 26, 2006** and shall be supported by citations of authority pursuant to Local Rule 7.4.  There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

(f)  All anticipated exhibits will be labeled and sequentially numbered prior to trial.  At the inception of trial, counsel will furnish the Court with three (3) copies of their exhibit lists and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

(g) On or before **March 20, 2006**, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(h)  Within five (5) days after service of a final witness list in (f) above, such list may be supplemented.

(i)  In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*.  Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and

5

time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rule 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

(j) <u>Motions for Extensions of Deadlines</u>: Motions seeking extensions of any deadlines set forth in this Order shall be filed **prior to the expiration of the deadline** stated in this Order. Absent extraordinary or extenuating circumstances, motions filed after the expiration of the deadline shall be denied.

7. <u>TRIAL</u>: The trial of this case will be held before the United States Magistrate Judge with a jury beginning on **<u>May 2, 2006 at 9:00 a.m.</u>** The trial is expected to last three to four (3-4) days. **<u>NOTE</u>: Should the scheduled trial date change for any reason, the other dates set forth in this Order will not automatically change, but shall remain as scheduled. However, should the parties desire a change of any of these other dates, they may seek an Order changing those dates.**

If there are any preliminary matters, counsel shall be present at 8:30 a.m., to take up any such matters which may require the Court's attention. The parties shall be <u>prepared</u> to commence trial at 9:00 a.m., on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

8. <u>ELECTRONIC CASE FILING</u>: The Court has implemented Electronic Case Filing ("ECF"), which allows counsel to file and docket pleadings directly from their office via the internet. ECF also enables counsel to be served with filings from other parties and the court via email. Information on the ECF system is available on the court's website: www.tned.uscourts.gov.

Counsel who are not already registered users are expected to register and utilize such electronic filing or be prepared to explain their failure to do so. *See* E.D. TN. LR. 5.2(b).

Per Order of all the District Judges, all attorneys practicing in the Eastern District of Tennessee <u>must</u> register as electronic filing users and file their pleadings electronically through the CM/ECF system by **<u>January 10, 2005</u>** or show the presiding judge good cause to file and serve documents in the traditional manner.

> **<u>NOTE:</u>** Failure to comply with this order may result in the exclusion of damages, witnesses, exhibits, depositions, and/or videotapes from evidence at trial.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

7

Case 3:05-cv-00052   Document 12   Filed 05/23/05   Page 7 of 7   PageID #: 7